IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| Billy Pemelton, Jr., § | |
|     Plaintiff § | |
| § | Civil Action No. 7:14-CV-764 |
| vs. § | |
| § | JURY DEMANDED |
| Raul Alejandro Gonzalez Roque, and § | |
| AutoFletes Internacionales Halcon, SC, § | |
|     Defendants § | |

**Plaintiff's First Amended Complaint**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **BILLY PEMELTON, JR.**, Plaintiff, complaining herein of **RAUL ALEJANDRO GONZALEZ ROQUE** and **AUTOFLETES INTERNACIONALES HALCON, SC**, Defendants, and for cause of action state:

**I.**

**Parties**

1.  Plaintiff **BILLY PEMELTON** is a citizen of the State of Texas who resides in Pharr, Hidalgo County, Texas.

2.  Defendant **RAUL ALEJANDRO GONZALEZ ROQUE** appears to be a citizen of Mexico. Defendant was served and filed an Answer herein.

3.  Defendant **AUTOFLETES INTERNACIONALES HALCON, SC,** appears to be domiciled in Mexico. Defendant was served and filed an Answer herein.

## II.

### Jurisdiction and Venue

4. Diversity jurisdiction is present pursuant to 28 U.S.C. § 1332(a)(2). Alienage jurisdiction appears to be present in that this suit involves a citizen of the State of Texas and citizens or subjects of a foreign state. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1391, venue is appropriate in the Southern District of Texas, McAllen Division.

## III.

### General Facts, Allegations and Claims

6. On or about September 14, 2012, Plaintiff **BILLY PEMELTON, JR.** was traveling eastbound at the 200 Block of West Anaya Road in Pharr, Hidalgo County, Texas.

7. Defendant **RAUL ALEJANDRO GONZALEZ ROQUE**, in the course and scope of his employment with Defendant **AUTOFLETES INTERNACIONALES HALCON, SC**, was traveling nortbound on the 900 Block of Alondra Drive approaching a stop sign.

8. Defendant **RAUL ALEJANDRO GONZALEZ ROQUE** failed to yield the right of way to Plaintiff's vehicle at a stop sign entering the intersection and causing a collision to occur between both vehicles.

9. Defendants **RAUL ALEJANDRO GONZALEZ ROQUE** and **AUTOFLETES INTERNACIONALES HALCON, SC's** negligent acts and/or omissions proximately caused Plaintiff to suffer bodily injuries and damages as set out hereinbelow.

## IV.

### Negligence of Defendant Raul Alejandro Gonzalez Roque

10. The occurrence made the basis of this lawsuit, referred to above and herein, and the resulting injuries and damages were proximately caused by the negligence, negligence, per se, and/or acts or omissions of Defendant **RAUL ALEJANDRO GONZALEZ ROQUE** in, but not limited to, the following particulars:

a. Failing to yield the right-of-way to the vehicle being driven by **BILLY PEMELTON, JR.**;

b. Failing to yield the right-of-way at the intersection in accordance with a stop sign to the vehicle driven by **BILLY PEMELTON, JR.**;

c. Failing to yield the right-of-way to the vehicle driven by **BILLY PEMELTON, JR.** which had entered the intersection from another highway or that was approaching so closely as to be an immediate hazard to **ROGUE's** movement in or across the intersection in violation of Section 545.153(b) of the Texas Transportation Code, constituting negligence per se;

d. Failing to stop at a stop sign at the stop line or in the absence of a stop line, at the place nearest the intersecting roadway where **ROGUE** would have a view of approaching traffic on the intersecting roadway in violation of Section 544.010 of the Texas Transportation Code, constituting negligence per se;

e. Failing to keep a proper look out as a person with ordinary prudence would have maintained under the same or similar circumstances;

f. Driving at a greater rate of speed than was safe under the circumstances presumed;

g. Failing to turn his tractor to the right or left in an effort to avoid the collision in question;

h. Failing to apply his brakes to avoid striking the tractor being driven by **BILLY PEMELTON, JR.**;

i. Failing to timely apply his breaks to avoid striking the tractor being driven by **BILLY PEMELTON, JR.**;

j. Failing to take proper evasive action to avoid striking the vehicle being driven by **BILLY PEMETLON, JR.**;

k. Entering the intersection when unsafe to do so;

l. Willfully operating his tractor in a reckless manner. Such action is a violation of Section 545.401 of the Texas Transportation Code, constituting negligence per se; and

m. Proceeding into the intersection when the intersection could not be safely entered without colliding with **BILLY PEMELTON, JR.** in violation of Section 545.151 of the Texas Transportation Code, constituting negligence per se.

11. Each of these acts and/or omissions, singularly or in combination with others, constitute negligence and/or negligence per se that proximately caused the occurrence made the basis of this action, and the injuries and damages asserted herein.

V.

**Respondeat Superior Against Defendant Autofletes Internacionales Halcon, SC**

12. At the time of the occurrence of the acts in question and immediately prior thereto, Defendant **RAUL ALEJANDRO GONZALEZ ROQUE** was within the course and scope of his employment with Defendant **AUTOFLETES INTERNACIONALES HALCON, SC**.

13. At the time of the occurrence of the acts in question and immediately prior thereto, Defendant **RAUL ALEJANDRO GONZALEZ ROQUE** was engaged in the furtherance of Defendant **AUTOFLETES INTERNACIONALES HALCON, SC's** business.

14. At the time of the occurrence of the act in question and immediately prior thereto, Defendant **RAUL ALEJANDRO GONZALEZ ROQUE** was engaged in a task for which **ROQUE** was employed.

15. Plaintiff invokes the doctrine of respondeat superior as against Defendant **AUTOFLETES INTERNACIONALES HALCON, SC**.

## VI.

### Negligence of Defendant Autofletes Internacionales Halcon, SC

16. At and immediately before the occurrence in question, Defendant **AUTOFLETES INTERNACIONALES HALCON, SC** was guilty of acts and/or omissions which constituted negligence. These acts and/or omissions include, but are not limited to, the following:

   a. Negligent entrustment of a motor vehicle to someone whom the owner knew or should have known was incompetent, unfit, or reckless in his driving abilities;

   b. Negligently failing to institute and maintain reasonable driving training and safety programs for employees in a same or similar position as Defendant **RAUL ALEJANDRO GONZALEZ ROQUE** and

   c. Negligently failing to supervise Defendant **RAUL ALEJANDRO GONZALEZ ROQUE.**

17. Each of these acts and/or omissions, singularly or in combination with others, constitute negligence and/or negligence per se that proximately caused the occurrence made the basis of this action, and the injuries and damages asserted herein

## VII.

### Injuries to Plaintiff Billy Pemelton, Jr.

18. Plaintiff sustained the following serious bodily injuries as a direct and proximate result of the Defendants' negligence:

   a. Neck pain;

   b. Upper back pain;

   c. Mid back pain;

    d.       Lower back pain;

    e.       Left shoulder pain;

    f.       Headaches; and

    g.       Plaintiff, suffered injuries to his body in general.

## VIII.

### Plaintiff Billy Pemelton, Jr.'s Compensatory Damages

19.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff **BILLY PEMELTON, JR.** incurred the damages which follow:

    a.       Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the area;

    b.       Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c.       Physical pain and mental anguish in the past;

    d.       Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

    e.       Physical impairment in the past;

    f.       Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

    g.       Disfigurement sustained in the past;

    h.       Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

    i.       Loss of earning capacity sustained in the past; and

    j.       Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

## IX.

## **Exemplary Damages**

20. Defendant **RAUL ALEJANDRO GONZALEZ ROQUE's** acts or omissions described above, when viewed from the standpoint of **ROQUE** at the time of the act or omission, involved an extreme degree of risk, considering the probability and the magnitude of the potential harm to Plaintiff and others.

21. **ROQUE** had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

22. Defendant **AUTOFLETES INTERNACIONALES HALCON, SC's** acts or omissions described above, when viewed from the standpoint of **AUTOFLETES INTERNACIONALES HALCON, SC** at the time of the act or omission, involved an extreme degree of risk, considering the probability and the magnitude of the potential harm to Plaintiff and others.

23. **AUTOFLETES INTERNACIONALES HALCON, SC** had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

24. Based upon the facts stated herein, Plaintiff request exemplary damages be awarded to Plaintiff from Defendants **RAUL ALEJANDRO GONZALEZ ROQUE** and **AUTOFLETES INTERNACIONALES HALCON, SC**.

## X.

### Prayer

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer and that on final trial, Plaintiff has:

a. Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of this Court;

b. Pre-judgment and post-judgment interest as provided by law;

c. Punitive damages;

d. Costs of suit; and

e. All other and further relief which Plaintiff may justly be entitled.

Respectfully submitted,

/s/ Katie Pearson Klein
KATIE PEARSON KLEIN
State Bar No. 11561900
Southern District No. 7577
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Southern District No. 14992
DALE & KLEIN, L.L.P.
1100 E. Jasmine Ave. Ste 202
McAllen, Texas 78501
(956) 687-8700
(956) 687-2416 (fax)
office@daleklein.com
**ATTORNEYS FOR PLAINTIFF**

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been forwarded to all counsel of record, to wit:

Glenn D. Romero
Vidaurri, Lyde, Rodriguez & Haynes, L.L.P.
202 N. 10th Avenue
Edinburg, Texas 78541

**Via** Notice of Electronic Delivery and Fax on the 11th of February, 2015.

/s/ William D. Mount, Jr.
William D. Mount, Jr.